filed an amended answer in the nature of a cross-bill in the same proceeding. The decision filed in the above mentioned case held controlling.

WHITNEY, J., took no part in this decision.

SILBER, ISAACS, SILBER & WOLEY, for appellants; JAMES D. WOLEY, of counsel.

SHERIFF, DENT, DOBYNS & FREEMAN and SAM S. HOLMES, for appellees.

MR. JUSTICE DIBELL delivered the opinion of the court.

———————

Peter Fippinger, Appellant, v. Henry F. Glos, Appellee.

Gen. No. 5,932.   (Not to be reported in full.)

Appeal from the Circuit Court of Du Page county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed October 13, 1914.

## Statement of the Case.

Action by Peter Fippinger against Henry F. Glos to recover for personal injuries sustained by plaintiff by reason of a horse which plaintiff was driving becoming frightened at defendant's auto truck, which plaintiff claims was being driven at excessive speed. To reverse a judgment in favor of defendant, plaintiff appeals.

CHARLES W. HADLEY, for appellant; JOHN W. LEIDLE, of counsel.

CORNELIUS R. ADAMS, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

## Abstract of the Decision.

1. DAMAGES, § 178*—*when expert evidence as to cause of physical condition competent.* In an action for personal injuries, physicians may be permitted to testify for defendant what in their opinion could have produced the conditions which plaintiff claimed to be suffering from after the accident.

2. AUTOMOBILES AND GARAGES, § 3*—*when proof of experiments as to speed of motor vehicles competent.* Proof of experiments made by experts as to the speed at which defendant's auto truck could be driven, *held* competent on behalf of defendant without proof that the conditions were identically the same, where it was practically impossible to produce the exact conditions owing to the fact that defendant was not served with process until more than nine months after the accident.

3. AUTOMOBILES AND GARAGES, § 3*—*when declaration insufficient to warrant instruction in language of statute.* A count in a declaration charging that defendant drove his motor truck at "a high, excessive, unreasonable and dangerous rate of speed, to-wit, at the rate of 30 miles per hour," *held*, by reason of the *videlicet*, not to charge that the vehicle was being driven at any particular number of miles per hour, and therefore not to justify an instruction that running a motor vehicle at a speed of more than twenty miles per hour was prima facie evidence that the rate of speed was greater than was reasonable and proper under section 10 of the Motor Vehicle Act of 1911, J. & A. ¶ 10,010.

4. NEGLIGENCE, § 223*—*sufficiency of instruction defining proximate cause.* A requested instruction defining "proximate cause" as a cause "without an intervening or efficient cause," *held* to be less likely to be understood than the words "proximate cause" themselves.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.